# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| KATHY ANN CLARK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Case No.: 6:18-cv-0378-JEO<br>NANCY A. BERRYHILL, Acting )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Kathy Ann Clark appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. ("the Act").[1] (Doc. 1).[2] Clark timely pursued and exhausted her administrative remedies, and the Commissioner's decision is ripe for review

---

[1] Clark filed earlier applications for a period of disability and disability insurance benefits and SSI on October 12, 2012. (Tr. 15). These applications were denied and the appeals council denied request for review. (*Id.*). The decision became final and Clark did not further appeal. Because the administrative law judge ("ALJ") found that the evidence in the instant case was not new and material, no clerical error was made, the evidence that was considered does not clearly show an error, and Plaintiff did not lack the mental capacity to understand the procedures for requesting a review, the ALJ only considered evidence from the period beginning February 14, 2014. (*Id.*).

[2] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

pursuant to 42 U.S.C. § 405(g). For the reasons discussed below, the Commissioner's decision is due to be affirmed.[3]

**I. Procedural History**

Clark was forty-seven years old as of the date of her current application for SSI. (R. 96, 161).[4] She completed the seventh grade and did not obtain a GED. (R. at 40-41). She can read and write, add and subtract, and make change. (R. at 41-42). Her past work history includes factory work. (R. 188, 193-203). Plaintiff last worked in 2000 and claimed she could no longer work due to a variety of issues, including a stroke, deep vein thrombosis, a broken tail bone with bone spurs, hip pain, a torn ligament in her right shoulder, left ear deafness, high blood pressure, thyroid problems, arthritis, leg issues, vision issues, and acid reflux. (R. at 187). After her claims were denied, Clark requested a hearing before an ALJ. (R. at 114-19, 31-71). At the hearing, Plaintiff amended her alleged onset date to be her application date, September 23, 2015. (R. at 35). Following a hearing, the ALJ denied Clark's claim. (R. at 12-30). After the Appeals Council declined to review the ALJ's decision, (R. at 1-5), that decision became the final decision of the Commissioner, *see Frye v. Massanari*, 209 F. Supp. 2d 1246, 1251 (N.D. Ala.

---

[3] The parties have consented to the exercise of full dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 8).

[4] References herein to "R. __" are to the administrative record found at Docs. 7-1 through 7-15 in the court's record.

2001) (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Thereafter, Clark initiated this action. (Doc. 1).

**II. Statutory and Regulatory Framework**

To establish her eligibility for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). SSI is not payable prior to the month following the month in which the application was filed. *See* 20 C.F.R. § 416.335; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citation omitted). The Social Security Administration employs a five-step sequential analysis to determine an individual's eligibility for disability benefits. 20 C.F.R. § 404.1520(a)(4).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Id.* at § 404.1520(a)(4)(i). "Under the first step, the claimant has the burden to show that she is not currently engaged in substantial gainful activity." *Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 F. App'x 862, 863 (11th Cir. 2012).[5] If the claimant is engaged in substantial gainful activity, the Commissioner will determine the claimant is not disabled. 20 C.F.R. §

---

[5] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

404.1520(a)(4)(i) and (b). At the first step, the ALJ determined Clark has not engaged in substantial gainful activity since her application date of September 25, 2015. (R. at 17).

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe physical or mental impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 404.1508. Furthermore, it "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms." *Id.*; *see also* 42 U.S.C. § 423(d)(3). An impairment is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 404.1520(c).[6] "[A]n impairment can be considered as not severe only if it is a

---

[6] Basic work activities include:

> (1) [p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeking, hearing, and speaking; (3) [u]nderstanding, carrying out, and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers and usual work situations; and (6) [d]ealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b).

4

slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1521(a). A claimant may be found disabled based on a combination of impairments, even though none of her individual impairments alone is disabling. 20 C.F.R. § 404.1523. The claimant bears the burden of providing medical evidence demonstrating an impairment and its severity. *Id.* at § 404.1512(a) and (c). If the claimant does not have a severe impairment or combination of impairments, the Commissioner will determine the claimant is not disabled. *Id.* at § 404.1520(a)(4)(ii) and (c).

At the second step, the ALJ determined Clark has the following severe impairments: degenerative disc disease of the spine; diabetes mellitus; and obesity. (R. at 17-21). The ALJ specifically excluded the following medically determinable impairments because she found none of them causes more than minimal functional limitations: hearing loss not treated with cochlear implants; chronic obstructive pulmonary disease; deep vein thrombosis; gastroesophageal reflux disease; hypertension; and osteoarthritis. (R. at 18-19).

If the claimant has a severe impairment or combination of impairments, the Commissioner must then determine whether the impairment meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §

404.1520(a)(4)(iii); *see also id.* at § 404.1525-26. The claimant bears the burden of proving her impairment meets or equals one of the Listings. *Reynolds-Buckley*, 457 F. App'x at 863. If the claimant's impairment meets or equals one of the Listings, the Commissioner will determine the claimant is disabled. 20 C.F.R § 404.1520(a)(4)(iii) and (d). At the third step, the ALJ determined Clark did not have an impairment or combination of impairments that meet or medically equal the severity of one of the Listings. (R. at 21).

If the claimant's impairment does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step. 20 C.F.R. § 404.1520(e); *see also id.* at § 404.1545. A claimant's RFC is the most she can do despite his impairment. *See id.* at § 404.1545(a)(1). At the fourth step, the Commissioner will compare her assessment of the claimant's RFC with the physical and mental demands of the claimant's past relevant work. *Id.* at §§ 404.1520(a)(4)(iv) and (e), 404.1560(b). "Past relevant work is work that [the claimant] [has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id.* § 404.1560(b)(1). The claimant bears the burden of proving that her impairment prevents her from performing her past relevant work. *Reynolds-Buckley*, 457 F. App'x at 863. If the claimant is capable of performing

her past relevant work, the Commissioner will determine the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560(b)(3).

Before proceeding to the fourth step, the ALJ determined Clark has the RFC to perform a limited range of light work. (R. at 21-22). More specifically, the ALJ found the following limitations to light work, as defined in 20 C.F.R. § 416.967(b):

> lift and carry twenty pounds occasionally and ten pounds frequently; stand and/or walk with normal breaks for a total of six hours in an eight-hour workday; sit with normal breaks for six hours in an eight-hour workday; same limitations for pushing and pulling as for lifting and carrying; frequently climb ramps and stairs; occasionally climb ladders, ropes and scaffolds; frequently balance and kneel; occasionally stoop, crouch, and crawl; occasionally reach overhead with the bilateral upper extremities; avoid concentrated exposure to hazards including dangerous moving machinery and unprotected heights; tolerate a noise level of two; and hear and understand normal conversation.

(*Id*. at 21-22). At the fourth step, the ALJ determined Clark had no past relevant work. (*Id.* at 24).

If the claimant is unable to perform her past relevant work, the Commissioner must finally determine whether the claimant is capable of performing other work that exists in substantial numbers in the national economy in light of the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and (g)(1), 404.1560(c)(1). If the claimant is capable of performing other work, the Commissioner will determine the claimant is not disabled. *Id.* at § 404.1520(a)(4)(v) and (g)(1). If the claimant is not capable of

performing other work, the Commissioner will determine the claimant is disabled. *Id.*

At the fifth step, considering Clark's age, education, work experience, and RFC, the ALJ determined Clark can perform jobs that exist in significant numbers in the national economy, such as those of label marker, small product assembler and poultry boner. (R. at 25). Therefore, the ALJ concluded Clark has not been under a disability as defined by the Act since September 25, 2015, the date her application was filed. (R. at 26).

### III. Standard of Review

Review of the Commissioner's decision is limited to a determination whether that decision is supported by substantial evidence and whether the Commissioner applied correct legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). A district court must review the Commissioner's findings of fact with deference and may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Rather, a district court must "scrutinize the record as a whole to determine whether the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted). Substantial

evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A district court must uphold factual findings supported by substantial evidence, even if the preponderance of the evidence is against those findings. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

A district court reviews the Commissioner's legal conclusions *de novo*. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## IV. Discussion

On appeal, Clark makes two arguments. First she contends the ALJ erred by failing to consider her complaints regarding her blurred vision in the RFC determination. (Doc. 12 at 10-12). Second, Clark argues the ALJ did not properly evaluate her subjective complaints of pain with regard to her complaints of lower extremity pain, in particular her left leg and hips. (*Id.* at 12-13). The Commissioner argues the ALJ properly evaluated Plaintiff's RFC and subjective

complaints and that the decision is due to be affirmed. (Doc. 14 at 5-14). The court agrees with the Commissioner for the following reasons.

### A. RFC Determination

Clark argues that "[t]he ALJ erred in failing to consider the claimant's blurred vision, even as a non-severe impairment, in his determination of her residual functional capacity." (Doc. 10 at 10). Clark contends that although she testified about her blurred vision and the treatment notes specifically address her vision, the ALJ "failed to mention anything about her blurred vision." (*Id*.). She concludes that the ALJ should have ordered a consultative examination with an ophthalmologist "because the record does not contain sufficient evidence about [her] blurred vision for the ALJ to make an informed decision." (*Id*. at 11).

#### 1. Medically Determinable Impairment

As discussed in detail above, before the ALJ can determine a claimant's RFC, the ALJ must first determine whether the claimant has a medically determinable impairment or combination of impairments that is "severe." 20 C.F.R. §§ 404.1520(c), 416.920(c). The burden of showing that an impairment or combination of impairments is "severe" rests at all times with Plaintiff. *Turner v. Comm'r of Soc. Sec.*, 182 F. App'x 946, 948 (11th Cir. 2006) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). Because Plaintiff bears the burden of proving she had a severe impairment, she thus had the burden of establishing the

prerequisite for finding a severe impairment, i.e., the existence of a medically determinable impairment. *See Doughty*, 245 F.3d at 1278.

"In claims in which there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment, the individual must be found not disabled at step [two] of the sequential evaluation process." *Mathis v. Berryhill*, 2019 WL 366623, at *3 (N.D. Ala. Jan. 30, 2019) (quoting SSR 96-4p). The record must include evidence from acceptable medical sources to establish the existence of a medically determinable impairment. *See* 20 C.F.R. §§ 404.1513(a), 404.1508 (an "impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [individuals'] statement[s] of symptoms"); *see also* 20 C.F.R. § 404.1528 (defining symptoms, signs, and laboratory findings). "[U]nder no circumstances may the existence of an impairment be established on the basis of symptoms alone." *Mathis*, 2019 WL 366623, at *3 (quoting SSR 96-4p).

Plaintiff contends the ALJ should have considered her blurred vision in the RFC determination, or at the very least, ordered a consultative exam with an ophthalmologist. However, a review of the medical record shows Plaintiff's

blurred vision is a symptom, not a medically determinable impairment. There are no signs, symptoms, or medically acceptable clinical or laboratory diagnostic techniques from acceptable medical sources establishing Plaintiff had anatomical, physiological, or psychological abnormalities that established the existence of a medically determinable impairment related to her vision. Instead, the record shows that her doctor's assessment of her blurred vision was based solely on her subjective complaints and that it was a side effect of a particular medication. (R, 503, 519). Plaintiff no longer takes this medication because of that side effect. (R.255, 503). The last treatment note to mention Plaintiff's blurry vision does so only as a matter of reciting her medical history. (*Id.*). Her most recent treatment notes show no blurred vision or complaints thereof. (R. 495-513, 580-600, 602-34).

Additionally, Plaintiff is incorrect in her assertion that the ALJ did not mention anything about her blurred vision. In fact, the ALJ recited the results of Plaintiff's eye exam in explaining the reasoning behind the RFC findings. (R. 22-23). The consultative examiner performed an eye exam, found Plaintiff's vision was at worst 20/50 without any correction, and determined her vision changes were due to age. (R. 487). There was certainly no evidence that Plaintiff's vision could not be corrected. "A medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling." *Dawkins v. Bowen*, 848 F.2d

1211, 1213 (11th Cir. 1988). As such, the court finds the ALJ did not err in failing to find Plaintiff's blurred vision was an impairment.

### 2. Consultative Examination

Plaintiff also contends that the ALJ should have ordered a consultative exam with an ophthalmologist. (Doc. 12 at 11). The court disagrees. The law in this Circuit is clear that the ALJ is charged with developing a fair and full record. *Todd v. Heckler*, 736 F.2d 641, 642 (11th Cir. 1984). The ALJ must assess a claimant's RFC "based on all of the relevant medical and other evidence[,]" and, in general, the claimant will be responsible for providing the evidence used to make a finding about the RFC. 20 C.F.R. § 404.1545(a)(3). While a consultative examination may be helpful to the ALJ in making an RFC determination, a consultative examination will be ordered only when the evidence as a whole, both medical and non-medical, is not sufficient to support a decision on the claim. *See* 20 CFR § 404.1519a; *see also Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1988) (the ALJ is not required to order consultative examination, and has discretion to order such an exam only when necessary); *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977) ("To be very clear, 'full inquiry' does not require a consultative examination at government expense unless the record establishes that such an examination is necessary to enable the administrative law judge to make the disability decision."). Indeed, "[t]he administrative law judge has a duty to

develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Ingram v. Comm'r of Social Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007) (citation omitted).

Here, the ALJ had sufficient evidence in the record on which to make the RFC determination. Plaintiff's vision was specifically assessed by a consultative examiner, Dr. Boyd Harrison. (R. 487). He did not cite any reason for sending Plaintiff for additional testing and stated that the changes to her vision were a result of her increasing age. (*Id.*). Based upon this evidence, as well as the other medical evidence regarding her vision discussed above, the ALJ did not err by failing to send Plaintiff to an ophthalmologist.

### B. Subjective Complaints of Pain

A claimant bears the burden of proving that he or she is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 419.912(a) & (c); *Moore v. Barnhart*, 405 F.3d 1203, 1211 (11th Cir. 2005); *Doughty*, 245 F.3d at 1278. Specifically, a claimant must provide evidence of an underlying medical condition and either objective medical evidence confirming the severity of the alleged symptoms or that the medical condition could be reasonably expected to give rise to the alleged symptoms. *See* 20 C.F.R. § 419.929; *Dyer*, 359 F.3d at 1210; *Wilson*, 284 F.3d at 1225-26; *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir.

14

1991).  In analyzing the evidence, the focus is on how an impairment affects a claimant's ability to work, and not on the impairment itself.  *See* 20 C.F.R. § 416.929(c)(1); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) (severity of impairments must be measured in terms of their effect on the ability to work, not from purely medical standards of bodily perfection or normality).

In addressing Plaintiff's subjective description of pain and symptoms, the law is clear:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.  *See Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).  If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so.  *See Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).  Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true.  *See Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

*Wilson*, 284 F.3d at 1225; *see also* 20 C.F.R. §§ 404.1529, 416.929.  In determining whether substantial evidence supports an ALJ's credibility determination, "[t]he question is not . . . whether the ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it."  *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

When evaluating a claimant's statements regarding the intensity, persistence, or limiting effects of her symptoms, the ALJ considers all the evidence – objective and subjective. *See* 20 C.F.R. § 416.929(c)(2). A plaintiff cannot simply allege disabling symptoms. See 20 C.F.R. § 416.929(a) ("statements about your pain and other symptoms will not alone establish that you are disabled"). The ALJ may consider the nature of a claimant's symptoms, the effectiveness of medication, a claimant's method of treatment, a claimant's daily activities, measures a claimant takes to relieve symptoms, and any conflicts between a claimant's statements and the rest of the evidence. *See* 20 C.F.R. § 416.929(c)(3) & (4). The ALJ is not required explicitly to conduct a symptom analysis, but the reasons for his or her findings must be clear enough that they are obvious to a reviewing court. *See Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Id.* (citation omitted).

Here, the ALJ found that Clark's medically determinable impairments could reasonably be expected to produce her alleged symptoms, but that her statements concerning the intensity, persistence, and limiting effects were not credible to the extent they conflicted with her RFC for a modified range of light work. (R. 22-24). The ALJ properly considered Plaintiff's subjective complaints and gave specific reasoning for discounting Plaintiff's statements, including: (1) her

16

essentially normal physical consultative examination that showed no difficulty walking, full range of motion and normal strength, and his opinion that Plaintiff had no limitations, (R. 187-88); (2) the state agency physician's opinion that she could perform up to medium work. (R. 108-11); and (3) the treatment notes showed no acute osseous abnormality or degenerative changes to her lumbar spine, normal musculoskeletal and neurological examinations, and improvement in her diabetes with treatment, (R. 482, 632, 635, 640, 654, 661); and (4) her daily living activities, (R. 207-08).

Plaintiff contends the ALJ failed to acknowledge her pain and her treatment with injections and medications, as well as the diagnostic imaging of her lumbar spine that bolsters her testimony regarding her alleged disabling pain. (Doc. 12 at 12-13). This argument is without merit. The ALJ specifically acknowledged the evidence Plaintiff contends was ignored, including that she reported pain in her left leg and both hips, pain in both areas upon examination, the receipt of injections, and the abnormal lumbar spine imaging with reports of pain. (R. 18-19, 22). That being said, the ALJ found that the medical evidence as a whole showed Plaintiff's pain did not prevent her from performing a reduced range of light work, including the consultative examination by Dr. Harrison showing a normal range of motion in her joints, normal gait, and squatting and rising without difficulty. (R. 18, 23-24, 487-88). Additional records showed her musculoskeletal and neurological

examinations were essentially normal. (R. 635, 640, 654, 661). The fact that some evidence supports Plaintiff's complaints does not establish that the ALJ erred in the determination. "The question is not . . . whether the ALJ could have reasonably credited [Clark's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner*, 421 F. App'x at 939.

The record also shows that Clark's activities of daily living support the ALJ's determination that Clark can perform light work, as modified by the ALJ. Her reported activities included cooking, light cleaning with the help of her mentally disabled son, shopping at the grocery store, watching television. (R. 203-04). She walked from the parking lot to the hearing and stated she could lift a gallon of milk. (R. 23, 50-51.) One of her doctors recommended that Plaintiff "stay active and exercise" to aid in the control of her diabetes. (R. 23, 632).

In sum, the evaluation of Plaintiff's subjective symptoms by the ALJ is supported by specific evidence in the record and the ALJ provided a reasonable basis for discrediting her allegations regarding her left leg and hip pain. "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d 1553 at 1562.

## V. Conclusion

Having reviewed the administrative record and considered all of the arguments presented by the parties, the undersigned finds the Commissioner's

decision is supported by substantial evidence and in accordance with applicable law. Therefore, that decision is due to be **AFFIRMED**. A separate order will be entered.

**DATED** this 27th day of February, 2019.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge